# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>　　Plaintiff(s),<br><br>v.<br><br>BLONG XIONG, et al.,<br><br>　　Defendant(s). | Case No. 2:22-cv-01766-RFB-NJK<br><br>**TRANSFER ORDER** |

　　Plaintiff's complaint alleges misconduct by USDA employees in Davis, California, *see, e.g.*, Docket No. 1-1 at 5, and in Bakersfield, California, *see, e.g.*, Docket No. 1-1 at 3.[1] Plaintiff himself resides in Kern County, California. Docket No. 1-1 at 3; Docket No. 1-2. Plaintiff brought this action in this District to enjoin an administrative hearing scheduled for September 26, 2022, "pending judicial review by the U.S. District Court, Eastern District of California." Docket No. 1-1 at 3; *see also* Docket No. 1-1 at 13 (addressing data regarding Fresno, Kern, and Tulare Counties in California). The complaint does not allege any connection to this District.[2]

　　The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The precise nature of the claims Plaintiff seeks to bring is not clear.

[2] Plaintiff has previously attempted to bring suit in this District for cases arising in the Eastern District of California. *See Cleveland v. U.S. Dept. of Ag.*, No. 2:19-cv-01255-APG-NJK, Docket No. 6 (D. Nev. Aug. 13, 2020) (transferring case to the Eastern District of California). As best the Court can discern, Plaintiff brings suit here based on his displeasure with the rulings he has received elsewhere. *See* Docket No. 1-1 at 6-7, 8 (alleging error by magistrate judge in case in the Eastern District of California). "Quite simply, a plaintiff is not permitted to hopscotch from court to court because []he does not like the rulings []he has received." *Simmons v. Go Daddy*, 2017 WL 1855766, at *1 (D. Nev. Mar. 28, 2017); *see also Hooks v. Lalonde*, 2022 WL 117824, at *1 n.3 (D. Nev. Jan. 11, 2022) (rejecting contention that a plaintiff may establish proper venue simply because he would like a different court to adjudicate his claims).

1  occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial
2  district in which any defendant is subject to personal jurisdiction at the time the action is
3  commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. §
4  1391(b).  If a case has been filed in the wrong district, the district court in which the case has been
5  incorrectly filed has the discretion to transfer such case to any district in which it could have been
6  brought.  28 U.S.C. § 1406(a).

7        The record shows that Nevada is not a proper venue.  First, no Defendant resides in Nevada.
8  Second, the complaint provides no connection to this District with respect to the events alleged.
9  Instead, the allegations are centered in the Eastern District of California.  Hence, none of the
10 statutory provisions renders this District a proper venue for this case.

11       Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the
12 Eastern District of California and that this case be closed.[3]

13       IT IS SO ORDERED.
14       Dated: October 24, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] An order transferring a case to another federal venue is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022).