UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>          Plaintiff,<br><br>     v.<br><br>BLONG XIONG, et al.,<br><br>          Defendants. | Case No. 1:22-cv-01366-ADA-BAM<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Doc. 7)<br><br>ORDER DENYING *IN FORMA PAUPERIS* APPLICATION WITHOUT PREJUDICE (Docs. 1, 7)<br><br>ORDER REQUING PLAINTIFF TO FILE LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE **WITHIN THIRTY (30) DAYS** |

Plaintiff Timothy Cleveland, proceeding *pro se*, filed this action in the United States District Court, District of Nevada, on October 20, 2022. (Doc. 5.) The matter was transferred to this Court on October 25, 2022. (Doc. 4.) Upon initiation of this action, Plaintiff did not pay the $402.00 filing fee for this action and instead submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1.)

On November 2, 2022, the Court determined that Plaintiff's application was insufficient to determine if he was entitled to proceed without prepayment of fees in this action. The Court therefore issued an order directing Plaintiff to complete and file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 or pay the $402.00 filing

1

1  fee within thirty (30) days following service.  (Doc. 6.)  Plaintiff was warned that if he failed to
2  comply with the Court's order, then this action would be dismissed.  (*Id.*)

3       On November 28, 2022, in lieu of filing the Long Form application, Plaintiff filed a
4  document titled "Plaintiff Affidavit to Proceed *In Forma Pauperis*, and Request for Appointment
5  of Counsel."  (Doc. 7.)  The document includes a narrative regarding Plaintiff's prior action in
6  this district, *Cleveland v. Hunton*, No. 1:16-cv-01732-AWI-SAB.  (*Id.*)  According to Plaintiff, he
7  was granted leave to proceed in forma pauperis in that action in December 2016. (*Id.* at 2.)  The
8  action ultimately was dismissed in February 2018.  (*Id.* at 6.)

9       Plaintiff now contends that the Court's November 2022 order to complete the Long Form
10 application is not enforceable and "would violate Plaintiff's right to be free of badges and
11 incidents of slavery prohibited under federal and state law." (*Id.* at 2.)  Plaintiff avers that he is
12 only required to file an affidavit under 28 U.S.C. § 1915.  (*Id.* at 7.) Plaintiff additionally argues
13 that the Court erroneously concluded that since Plaintiff is the owner of land and provides non-
14 monetary assistance to his elderly parent, then there must be a source of revenue available to pay
15 court fees.  (*Id.*)

16      Plaintiff's purported affidavit is insufficient for the Court to determine if he is entitled to
17 proceed without prepayment of fees in this action for several reasons.  First, Plaintiff's unsworn
18 affidavit is not signed under penalty of perjury. *See* 28 U.S.C. § 1746.  Second, Plaintiff's
19 assertion that he was previously granted leave to proceed *in forma pauperis* in a prior action
20 approximately six (6) years ago is neither conclusive nor determinative in the instant action.
21 Third, Plaintiff's contention that "his ability to pay the initial partial filing fee is abundantly less
22 probable in this new action in comparison to the original Cleveland v. Hunton action" lacks any
23 evidentiary support.  (Doc. 7 at 9.)  Fourth, Plaintiff's statement that he informed the Court "of
24 the only asset in his possession" does not address the Court's directive to identify all sources of
25 income or money that he receives or otherwise provide the Court with information regarding his
26 financial condition.  In order to proceed without prepayment of fees, Plaintiff must demonstrate
27 that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Fifth,
28 Plaintiff's assertions that the Court's conclusions in this action are "inaccurate" provide no

1  evidence regarding his assets, sources of income or money, or his financial condition.  (Doc. 7 at
2  7.)

3        As the evidence before the Court is inconclusive, the Court will provide Plaintiff with a
4  final opportunity to clarify his financial condition and adequately demonstrate his financial
5  hardship.  Accordingly, the Court will order Plaintiff to complete and file the Long Form
6  application.  <u>If Plaintiff is unwilling to complete and submit the long form application, Plaintiff</u>
7  <u>must pay the filing fee in full.</u>

8        With regard to Plaintiff's request for the appointment of counsel, Plaintiff is advised that
9  there is no constitutional right to appointment of counsel in a civil action. *See Palmer v. Valdez*,
10  560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.");
11  *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*,
12  154 F.3d 952, 954 n.1 (9th Cir. 1998).  The Court cannot require an attorney to represent Plaintiff
13  pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S.
14  296, 298 (1989).  However, in certain exceptional circumstances the Court may request the
15  voluntary assistance of counsel pursuant to section 1915(e)(1). *Palmer*, 560 F.3d at 970; *Rand*,
16  113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court
17  will seek volunteer counsel only in the most serious and exceptional cases. In determining
18  whether "exceptional circumstances exist, a court must consider the likelihood of success on the
19  merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
20  of the legal issues involved." *Palmer*, 560 F.3d at 970 (internal quotation marks and citations
21  omitted).

22        In the present case, the Court does not find the required exceptional circumstances.
23  Plaintiff has offered no argument in support of his request for counsel in the present case.  Neither
24  his pro se status nor the denial of counsel in his prior action make this case exceptional.  Even if it
25  is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
26  which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
27  similar cases almost daily from pro se plaintiffs.  Further, at this early stage in the proceedings,
28  the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  There also

3

is no indication from the record that Plaintiff is unable to articulate his claims pro se. Accordingly, Plaintiff's request for the appointment of counsel will be denied without prejudice.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for appointment counsel is DENIED without prejudice;
2. Plaintiff's applications to proceed *in forma pauperis* (Docs. 1, 7) are DENIED without prejudice;
3. The Clerk of the Court is requested to forward Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either (1) pay the $402.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;
5. No extension of time will be granted absent a demonstrated showing of good cause; and
6. **Plaintiff is warned that the failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 1, 2022**          /s/ *Barbara A. McAuliffe*   _
                                                            UNITED STATES MAGISTRATE JUDGE

4