UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>            Plaintiff,<br><br>    v.<br><br>BLONG XIONG, et al.,<br><br>            Defendants. | Case No.  1:22-cv-01366-ADA-BAM<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 9) |

Plaintiff Timothy Cleveland, proceeding *pro se* and *in forma pauperis*, filed this action in the United States District Court, District of Nevada, on October 20, 2022. (Doc. 5.)  The matter was transferred to this Court on October 25, 2022. (Doc. 4.)  On November 28, 2022, Plaintiff requested appointment of counsel, which was denied without prejudice. (*See* Docs. 7, 8.)

Currently before the Court is Plaintiff's renewed motion for appointment of counsel. Plaintiff claims that he is entitled to counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, because he faces a loss of liberty.  Plaintiff also claims that he is entitled to counsel under the Sixth Amendment to the United States Constitution.  (Doc. 9.)

Plaintiff's assertion that he is faced with a loss of liberty in a civil action initiated by him for injunctive relief is not supported and Plaintiff is not entitled to the appointment of counsel pursuant to the Criminal Justice Act.  Further, "[t]he Sixth Amendment provides for the right to effective assistance of counsel, but it applies only for criminal cases, not civil cases." *Thomsen v.*

1

1  *Sacramento Metro. Fire Dist.*, No. 2:09-cv-01108 FCD, 2009 WL 8741960, at *11 (E.D. Cal.
2  Oct. 20, 2009) (citation and quotation omitted); *Turner v. Rogers*, 564 U.S. 431, 441 (2011)
3  ("[T]he Sixth Amendment does not govern civil cases."). Plaintiff does not have the
4  constitutional right to appointment of counsel in a civil action. *See Palmer v. Valdez*, 560 F.3d
5  965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."); *see also*
6  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d
7  952, 954 n.1 (9th Cir. 1998).

8      As the Court previously explained, it cannot require an attorney to represent Plaintiff
9  pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S.
10 296, 298 (1989). However, in certain exceptional circumstances the Court may request the
11 voluntary assistance of counsel pursuant to section 1915(e)(1). *Palmer*, 560 F.3d at 970; *Rand*,
12 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court
13 will seek volunteer counsel only in the most serious and exceptional cases. In determining
14 whether "exceptional circumstances exist, a court must consider the likelihood of success on the
15 merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
16 of the legal issues involved." *Palmer*, 560 F.3d at 970 (internal quotation marks and citations
17 omitted).

18     Here, the Court does not find the required exceptional circumstances. Even if it is
19 assumed that Plaintiff is not well versed in the law and that he has made serious allegations
20 which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with
21 similar cases almost daily from pro se plaintiffs. Further, at this early stage in the proceedings,
22 the Court cannot make a determination that Plaintiff is likely to succeed on the merits. There also
23 is no indication from the record that Plaintiff is unable to articulate his claims pro se.
24 Accordingly, Plaintiff's request for the appointment of counsel is DENIED without prejudice.
25 IT IS SO ORDERED.

26     Dated: __December 29, 2022__      /s/ *Barbara A. McAuliffe*
27                                                        UNITED STATES MAGISTRATE JUDGE

28