UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM CLEVELAND,<br><br>        Plaintiff,<br><br>   v.<br><br>BLONG XIONG, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01366-ADA-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION**<br><br>(Doc. 16)<br><br>**FOURTEEN-DAY DEADLINE** |

**<u>Findings and Recommendations</u>**

Plaintiff Tim Cleveland ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on October 20, 2022, in the United States District Court, District of Nevada. (Doc. 5.) The matter was transferred to this Court on October 25, 2022. (Doc. 4.)

On January 4, 2023, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim upon which relief could be granted. The Court granted Plaintiff an opportunity to amend his complaint to cure the identified deficiencies. (Doc. 13.)

In lieu of filing an amended complaint, Plaintiff filed a document labeled: "Court Order to Amend is Denied." (Doc. 14.) Because Plaintiff's intent was unclear, the Court directed him to either file a first amended complaint or written notice that he intended to stand on his original complaint, subject to the Court issuing findings and recommendations consistent with the Court's

1

1  original screening order.  (Doc. 15.)

2  On February 24, 2023, Plaintiff filed a document titled "Amended Action Petition for Writ
3  of Habeas Corpus and Motion for Court to Remand this Action to Senate." (Doc. 16.)  In his
4  document, Plaintiff states, "Statements of fact filed with the court beginning October 20, 2022
5  **shall not be withdrawn as Petitioner previously filed "Court Order To Amend Is Denied"**,
6  meaning Petitioner allegations of crime shall not be amended." (*Id.* at p. 1) (emphasis in the
7  original.)  The Court construes this statement as Plaintiff's written intent to stand on his original
8  complaint.[1]  Accordingly, the Court issues these Findings and Recommendations based on
9  Plaintiff's complaint filed on October 20, 2022.  (*See* Doc. 5.)

10 **I.     Screening Requirement and Standard**

11 The Court screens complaints brought by persons proceeding in pro se and in forma
12 pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to
13 dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be
14 granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28
15 U.S.C. § 1915(e)(2)(B)(ii).

16 A complaint must contain "a short and plain statement of the claim showing that the
17 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
18 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
19 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
20 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
21 true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
22 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

23 To survive screening, Plaintiff's claims must be facially plausible, which requires
24 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
25 for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

---

[1] Plaintiff also states, "Magistrate court order to amend his statement of facts was denied and shall remain unaltered with exception to the purpose of the Writ of Habeas Corpus." (Doc. 16 at p. 2.)  Plaintiff appears to seek remand of this action to the Senate Judiciary for habeas review.  Plaintiff provides no authority to support this request and the Court intends to recommend dismissal of the underlying action.

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### II.     Summary of Plaintiff's Allegations

Plaintiff brings this action against the following defendants in their official capacities: (1) Thomas C. Hunton, former senior loan manager, Farm Service Agency ("FSA"), United States Department of Agriculture ("USDA"); (2) Blong Xiong, State Executive Director, FSA, USDA; (3) John Oosterman, Loan Chief, FSA, USDA; (4) Jacque Johnson, former Acting State Executive Director, FSA, USDA; and (5) Navdeep Dhillon, Farm Program Chief, FSA, USDA. (Doc. 5 at pp. 3, 5.)

Plaintiff's complaint is disjointed and difficult to understand. It also lacks chronological or other discernible order, and it fails to clearly identify his allegations and claims. As best as can be determined, Plaintiff seeks a preliminary injunction to suspend an appeal hearing that was scheduled on October 26, 2022, in the National Appeals Division ("NAD") of the USDA. Plaintiff claims that the Administrative Judge ("AJ") overruled his objection concerning subject matter jurisdiction, compelling him to proceed with a hearing. (*Id.* at p. 1.)

However, Plaintiff also alleges that this action concerns two NAD hearings, one presided over by AJ Gibson in Lakewood, Colorado and one presided over by AJ Eslick in Blue Springs, Missouri. (*Id.* at p. 2.) He asserts that the AJs issued final determinations to proceed with Defendants' issues, which Plaintiff claims violates his rights under the California Constitution and his Thirteenth Amendment right to be free from conditions of peonage. (*Id.* at p. 3.) Plaintiff requests a court order directing the USDA NAD to suspend hearings pending judicial review. AJ Gibson reportedly scheduled a hearing on September 26, 2022. (*Id.*)

According to Plaintiff, he sought an appeal hearing following a request for financial assistance for damages incurred over a duration of eight years. His intent for the hearing concerned the Special Relief Authority granted to the FSA State Executive Director and Deputy Administrator. Plaintiff alleged approximately $4.5 million in damages related to investment-backed expectations, real estate damages and personal injury. Plaintiff claims that the alleged

1   damages are not within the scope of the State Executive Director's authority and the acting State
2   Executive Director knew or should have known that Plaintiff's request for financial assistance
3   required review by the Office of General Counsel and forward to the William D. Cobb, Deputy
4   Administrator.  (*Id.* at p. 2.)
5       Plaintiff contends, in the alternative, that the acting State Executive Director cultivated a
6   scheme to obstruct Plaintiff's financial assistance.  Prior to the hearing, the acting State Executive
7   Director submitted two documents into the record:  Plaintiff's district court action against a FSA
8   employee that had since retired; and Plaintiff's 2015 racial discrimination complaint concerning
9   the same FSA employee.
10      Plaintiff further alleges that he is an African American domiciled in Kern County,
11  California, and is an active participant in USDA programs.  On May 19, 2014, he signed a
12  promissory note (FSA-2026 CA) and accepted Defendant Hunton's statements concerning the
13  terms and conditions of the loan.  After participating in two NAD hearings, Plaintiff discovered
14  that Defendant Hunton allegedly provided false statements during the 2014 application process.
15  (*Id.* at p. 3.)
16      On September 23, 2022, AJ Gibson issued an adverse determination overruling Plaintiff's
17  objections to Defendant Johnson submitting U.S. District Court Case, *Cleveland v. Hunton*, 1:16-
18  cv-01732-AWI-SAB, into the hearing record.  Plaintiff claims that the appeals division lacks
19  jurisdiction concerning subject matter relevant to *Cleveland v. Hunton*.  Plaintiff further claims
20  that the AJ erred when overruling Plaintiff's objection to Defendant Oosterman replacing retired
21  Defendant Johnson as the agency representative.  (*Id.* at pp. 6-7.)
22      Plaintiff also alleges that on October 13, 2022, AJ Eslick erred in a similar fashion by
23  overruling Plaintiff's objection to FSA employees properly serving as agency representative
24  "pertinent to State Executive Director Xiong's adverse decision to Plaintiff's request for Special
25  Relief Authority."  (*Id.* at p. 7.)
26      Further, Plaintiff asserts that on April 17, 2017, in *Cleveland v. Hunton*, he filed
27  objections to the findings of the magistrate judge denying Plaintiff's access to counsel.  Plaintiff
28  complains that the magistrate judge violated Plaintiff's constitutional rights and "attempted to

establish a foundational federal regulatory justification to dismiss Plaintiff's claim." (*Id.*) Plaintiff contends that the magistrate judge, "knowing Plaintiff as a socially disadvantaged African American USDA participant characterized efforts to state a claim as 'futile', while also declining to grant counsel." (*Id.*)

Plaintiff further contends that court granted Defendant Hunton, in his official capacity, access to U.S. Attorney Jeffrey Lodge, but the "court neglected to review Agency screening under 28 C.F.R. § 50.15(1)(2)" for the representation of federal officials and employees by the department. (*Id.*) Plaintiff complains that the "court neglected to provide Plaintiff, opportunity to review the Defendant's Hunton's written statement, and 'all available factual information' submitted in compliance with § 50.51(1)." (*Id.* at p. 8.)

Plaintiff alleges:

> Defendant Oosterman knowingly distributed to U.S. Attorney Lodge, unredacted financial data from Plaintiff's Farm Service Agency account, omitted National Appeals Division 2016 Final Determination relevant to matters the court recognized, Plaintiff's December 2016 adverse findings issued by the USDA Office of the Assistant Secretary for Civil Rights relevant to matters the court recognized. The court dismissed without prejudice, Plaintiff's based on U.S. Attorney Lodges assertion Plaintiff file complaint before final determination.

(*Id.* at pp. 8-9) (unedited text).

Plaintiff, under the Administrative Procedure Act, 5 U.S.C. § 704, reportedly brings this action for the purpose of judicial review to determine the following:

1. Special Relief Authority – Whether Congress authorized State Executive Directors discretionary function to "delegate Special Relief Authority function" to USDA employees that are not attorneys.
2. Administrative Judge jurisdiction under circumstances concerning subject matter implicating federal employee and official constitutional violations of a state.

3. Judicial review – Does the Farm Service Agency bear obligations in the "interest of the United States" to refer Agency Position Statement to Farm Service Agency Administrator and/or Deputy Administrator when conflicts arise between state and federal law.

(*Id.* at p. 10.)

Plaintiff alleges that the Defendant have deprived Plaintiff his constitutional liberties and protections and failed to prove the existence or amount of debt. (*Id.* at p. 11.)

///

Plaintiff also alleges that on September 23, 2022, Defendant Oosterman unexpectedly participated in Plaintiff's pre-hearing.  AJ Gibson erred when accepting court documents and Defendant Oosterman into the hearing record.  Plaintiff further alleges that Defendant Oosterman's declaration to the U.S. District Court, Eastern District of California "illustrates further his intent to testify . . . as a fact witness on behalf of Defendant Hunton." (*Id.* at p. 11.) Defendants reportedly adopted Defendant Hunton's work product "knowing the existence of several accepted USDA racial discrimination program complaints; a violation applicable to the Fair Debt Collection Practices Act." (*Id.*)

Plaintiff contends that his "mission to establish a Medicinal Agricultural Market targeting the African American community is under sustained attack by a cohort of federal employees." (*Id.* at p. 13.)  Plaintiff contends that the court and the People of California will hear his public health objective using agricultural products and services as a countermeasure against food borne diseases, such as cardiovascular disease, chronic kidney disease, type 2 diabetes, and hypertension.  He claims: "Each disease documented as underlying conditions attributed to COVID-19 fatalities in the African American community." (*Id.*)  He asserts that Defendants are culpable of human rights violations.

Plaintiff additionally contends that based on his application for financial assistance, FSA employees knew of five 1890 Land-grant Universities identified in the farm plan.  He claims that "the adversely impacted students that attended the enumerated institutions beginning in April 2013 are third parties in this new action legally enforceable under the 13th Amendment and Senate Document 95-18." (*Id.*)

Plaintiff also alleges that Defendants Xiong, Oosterman, Johnson and Dhillon committed crimes pursuant to Title 18 of the United States Code and the California Penal Code. (*Id.* at pp. 5-6.)

**III.    Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a short and plain statement of his claims. Plaintiff's narrative is disjointed and confusing. It also contains extraneous statements and information, making it difficult to separate the relevant factual allegations from the irrelevant ones. It is not the type of complaint contemplated by Rule 8. *See Murguia v. Langdon*, No. 1:19-cv-00942-DAD-BAM, 2020 WL 3542310, at *12 (E.D. Cal. June 30, 2020) (dismissing complaint with leave to amend where complaint failed to comply with Rule 8 and was "mostly narrative ramblings and storytelling"). Plaintiff has elected not to file an amended complaint curing this deficiency.

### B. Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.*

The APA's comprehensive provisions for judicial review of agency actions are contained in 5 U.S.C. §§ 701-706. "Any person 'adversely affected or aggrieved' by agency action; see § 702, including a 'failure to act,' is entitled to 'judicial review thereof,' as long as the action is a 'final agency action for which there is no other adequate remedy in a court,' see § 704." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Insofar as Plaintiff is complaining about overruled objections or hearings by the NAD, Plaintiff has not identified any final agency decisions for review. Further, any request for injunctive relief to enjoin hearings already scheduled and previously held are moot.

### C. Fair Debt Collections Practices Act

Although not entirely clear, Plaintiff appears to allege a violation of the Fair Debt Collection Practices Act ("FDCPA"). However, claims under the FDCPA may not be brought against "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). As alleged, Plaintiff cannot bring such a claim against the USDA and its agents.

Moreover, the United States and its agencies are immune from suit, unless sovereign immunity has been waived. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). Congress did not waive sovereign immunity by enacting the FDCPA. *See Ha v. Dep't of Educ.*, 680 F.Supp.2d 45, 47 (D.D.C. 2010).

### D. Review of Magistrate Judge's Decisions

Plaintiff appears to seek review of the magistrate judge's rulings in his prior, closed action, *Cleveland v. Hunton*, 1:16-cv-01732-AWI-SAB. Plaintiff cannot appeal decisions in another case by filing a new complaint in the same district court. The correct course of action would be to appeal to the Court of Appeals for the Ninth Circuit. This Court lacks jurisdiction to entertain a direct appeal of other closed district court cases. *See Blackshire v. Sacramento Cty. Sheriff*, No. 2:22-cv-0378 TLN AC (PS), 2022 WL 658139, at *2 (E.D. Cal. Mar. 4, 2022), report and recommendation adopted, No. 2:22-cv-00378-TLN-AC, 2022 WL 1630223 (E.D. Cal. May 23, 2022).

### E. Civil Rights Action Against Federal Employees and Federal Agencies

To the extent Plaintiff purports to bring a claim against the USDA and federal employees in their official capacities for an alleged violation of his rights under the federal Constitution, he may not do so. In appropriate cases, actions against federal officials may be cognizable under *Bivens v. Six Unknown Named Federal Agent of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, *Bivens* claims are unavailable against the United States, federal agencies, or federal employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Ibrahim v. Dep't of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008) (no *Bivens*-like cause of action available against federal agencies or federal agents sued in their official capacities).

### F. Title 18, United States Code

Plaintiff alleges violations of various provisions of Title 18, including 18 U.S.C. §§ 1581, 1584 and 1589. (*See* Doc. 5 at pp. 5-6.) "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v.*

1  *University of Chicago*, 441 U.S. 677, 688 (1979)). Rather, the Court is to consider if Congress intended to create the private right of action in the statute, looking first to the language of the statute. *Id.* "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997). The cited sections are not exceptions. Plaintiff cannot bring suit against the defendants for violation of these cited sections of Title 18. These sections provide for fines or incarceration for criminal offenses. There is no language in these sections that would imply a private right of action.

### G. California Penal Code

Plaintiff alleges that defendants violated the California Penal Code. Generally, the California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at *2 (E.D. Cal. Sept. 31, 2015). Plaintiff has not demonstrated that any of the cited Penal Code sections authorize a private cause of action.

### IV.    Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. Despite being provided with the relevant pleading and legal standards, Plaintiff has opted to stand on his original complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8 and failure state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2023**                         /s/ Barbara A. McAuliffe            _
                                                    UNITED STATES MAGISTRATE JUDGE